IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JASON TURNER**                                                              **PETITIONER**

**V.**                                          **CIVIL ACTION NO. 2:16cv65 –KS-LRA**

**JACQUELINE BANKS**                                     **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Jason Turner filed a petition for writ of habeas corpus relief on May 6, 2016. After reviewing the record and all the applicable law, the undersigned recommends that the petition be dismissed pursuant to 28 U.S.C. § 2244(d) under the Antiterrorism and Effective Death Penalty Act of 1996 as untimely.

In 1998, Turner was convicted of murder in the Circuit Court of Covington County, Mississippi. He was sentenced to life in the custody of the Mississippi Department of Corrections. The Mississippi Court of Appeals affirmed his conviction and sentence in *Turner v. State*, 773 So.2d 952 (Miss. Ct. App. 2000). Nothing of record indicates that Turner filed a petition for writ of certiorari in the United States Supreme Court. He signed an "Application for Leave to Proceed in the Trial Court" with a motion for post-conviction relief on January 1, 2002, which was stamped filed on January 7, 2002. The application was denied on July 23, 2002.[1]

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C.

---

[1] ECF Nos. 7-1 – 7-6.

§ 2244(d)(1).  AEDPA provides that the statute of limitations shall run from the latest of:

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).  Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court.  *See Cantu-Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999).  AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.

2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Turner's conviction became final on February 28, 2001, 90 days after the Mississippi Supreme Court denied his petition for writ of certiorari. Because the time period during which Petitioner could have sought further review is added to the date his direct appeal ended, he is credited with the 90-day time period for seeking a writ of certiorari in the United States Supreme Court. *See* Rule 13(1) of the United States Supreme Court Rules; *see also Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Thus, to toll the statute of limitations, Turner was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before February 28, 2002. Because he filed a motion for post-conviction relief on July 23, 2002, Turner is entitled to statutory tolling of the AEDPA's statute of limitations from January 1, 2002, though July 23, 2002. He was therefore required to file the instant petition on or before September 2002.

Turner does not dispute that his petition is untimely, nor does he claim that he is entitled to additional statutory tolling. Rather, he asserts that he is entitled to equitable tolling because he is a mentally incompetent pro se petitioner "with no training in the law" who has to rely on a "jail house lawyer/inmate" for assistance. In support, Turner avers that all his previous legal petitions were filed by writ writers. However, he lost

3

their assistance when he was transferred to a different area. He advises that he has a new writ writer now, and opposes the dismissal of his petition as untimely.[2]

As a threshold matter, it is well established that a petitioner's pro se status, lack of legal training, ignorance of the law, and unfamiliarity with the legal process during the applicable filing period are insufficient reasons to equitably toll the statute of limitations. *See, e.g., Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir. 2000) (ignorance of law insufficient to toll statute of limitations).

However, the Fifth Circuit has long recognized that mental illness, if sufficiently severe, may qualify as an extraordinary circumstance that justifies equitable tolling of the AEDPA statutory time period. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). To trigger equitable tolling, mental illness must not only have existed during the relevant time period, but it "must have actually been an impediment to filing in a timely manner." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002); *see also Jones v. Stephens*, 541 F. App'x. 499, 505 (5th Cir. 2013) ("[A] petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petition"). A mere diagnosis or treatment of a mental illness is insufficient. *Robison v. Hinkle*, 610 F.Supp.2d 533, 542 (E.D. Va. 2009) ("A claim of continuing psychiatric care is insufficient to trigger equitable tolling."). Mental illness must have prevented the petitioner from managing his affairs and from understanding his legal

---

[2] ECF No. 8-1.

rights, and an evidentiary showing must be made, linking the mental incompetency to the inability to timely file.

In this case, Turner has submitted a copy of his "Medical Service Request Form" indicating that he made a request for his psychiatric records on August 1, 2016. To date, Turner has not produced his records. Apart from his statements that he was transferred from the area where he was initially receiving legal assistance, he does not state supporting facts showing how his mental incompetence preventing him filing his federal habeas petition. He does not, for example, indicate when he became aware of AEDPA's one-year deadline, nor does he indicate when he was transferred or retained a new writ writer. He also fails to explain how he was able to pursue state court post-conviction remedies in January 2002, yet was unable to seek federal habeas relief after his motion for post-conviction relief was denied in July 2002. *See Boothe v. Quarterman*, Civil Action No. C-06-221, 2008 WL 1771919 (S.D. Tex. Apr. 15, 2008) (recommending that "if a petitioner's mental incompetence is the only extraordinary circumstance on which equitable tolling is predicated, filing a state habeas application establishes that there is no longer any such extraordinary circumstance"). Turner does not provide any information regarding the "degree or duration of his mental incompetence." *Smith v. Johnson*, 247 F.3d 240, 240 (5th Cir. 2001). Absent such a showing, Turner has not shown that his mental problems prevented him from pursing his legal rights for nearly 14 years, rather than his lack of diligence.[3]

---

[3] *See Henderson v. Thaler,* 626 F.3d 773 (5th Cir. 2010) (remanding for the district court to consider whether Petitioner had demonstrated the necessary diligence to establish that his mental incompetency claim warranted equitable tolling of AEDPA's statute of limitations in light of Holland).

Turner has failed to carry his burden of establishing his entitlement to equitable tolling. None of AEDPA's other statutory exceptions are applicable. In the absence of any evidence warranting statutory or equitable tolling, Turner's habeas petition is barred by the statute of limitations, and should be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 25th day of October 2016.

/s/ Linda R. Anderson  
UNITED STATES MAGISTRATE JUDGE